### HARTIG v. SCHNOECKNECHT.
### Civ. No. 2500.

United States District Court
D. Connecticut.

March 12, 1951.

Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., Morris Tyler, New Haven, Conn., for plaintiff.

David E. FitzGerald, Jr., New Haven, Conn., for defendant.

HINCKS, Chief Judge.

Under federal practice, which fosters pleadings of great succinctness, a defendant in a negligence case, more often than not, cannot know upon what facts the plaintiff will predicate his claims of negligence without an examination before trial. This case was no exception and the plaintiff's deposition, taken on notice by the defendant, was taken, I think, "for use in the case", within the meaning of 28 U.S.C.A. § 1920(2), even if it was not offered in evidence or otherwise referred to in the course of the trial.

Perhaps the court has discretion to abate the cost occasioned by so much of the examination as was unconscionably discursive or prolonged. But this I find not to be the case here. A review of the deposition shows that its greater part was highly germane: only a comparatively trifling part was concerned with matters never connected with the issues in the case. Merely because a line of inquiry proves unproductive, its attempted development is not necessarily oppressive and hence unconscionable. And I find no basis for such a view of the defendant's conduct of this examination.

It Is Accordingly Ordered that the petition to review be dismissed and that the taxation by the Clerk be confirmed.